UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ICP, INC.,

        Plaintiff,

v.                                              Case No. 11-C-1155

MINDY SCHLIEN and MSG MINNESOTA, INC.,

        Defendants.

**ORDER**

Plaintiff brought this action against the Defendants alleging that Defendant Schlien violated a non-compete agreement when she went to work for Defendant MSG. Plaintiff issued various subpoenas and other discovery requests against the Defendants. In the interim, Defendant Schlien filed for Chapter 13 bankruptcy. The parties now dispute the extent of the bankruptcy's automatic stay, particularly as it pertains to the outstanding discovery requests.

Plaintiff argues that although the stay would bar discovery and claims against Schlien herself, it has no impact on discovery relating to its tortious interference claims against MSG, Schlien's employer. Schlien, of course, is the key witness with respect to those claims, and she should be subject to discovery even though the claims against *her* are stayed by virtue of the bankruptcy. Schlien argues that this Court does not have the power to make such a determination, because what Plaintiff is really requesting is the *lifting* of the automatic stay, and that can only be done by the bankruptcy court.

I agree with Plaintiff that the stay of claims against Schlien does not operate as a kind of global stay of any other related claims against other entities. And because the stay applies only to

Schlien, the debtor, Plaintiff is not asking this Court to "lift" the stay because by its own terms the stay does not apply against MSG. There is, in essence, nothing to "lift." As such, in determining that this Court has the power to decide that the stay does not apply to MSG, I am not lifting the stay but merely construing its applicability. In doing so, I consider that the purpose of the bankruptcy stay is to give a debtor some breathing room and to ensure an orderly procedure for settling accounts with creditors. These considerations have nothing to do with third parties, and as such there would be no purpose served by applying a bankruptcy stay so broadly. *In re Queenie, Ltd., v. NYGuard Int'l*, 321 F.3d 282, 287–88 (2d Cir. 2003) ("The automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate. Examples are a claim to establish an obligation of which the debtor is a guarantor, a claim against the debtor's insurer, and actions where 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant....' "). Accordingly, I conclude that the automatic stay does not impact discovery relating to claims against parties other than Schlien. The motion [Dkt. # 21] is therefore **GRANTED**. Both Defendants previously filed a motion to quash on the ground that the subpoenas served were overly broad. Plaintiff has not responded to that motion while the issue of the bankruptcy stay was decided. A response to the motion should be filed by May 18. A reply, if any, may be filed by May 31.

    **SO ORDERED** this __10th__ day of May, 2012.

                                                        s/ William C. Griesbach
                                                        William C. Griesbach
                                                        United States District Judge