UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ICP, INC.,

      Plaintiff,

v.                                                                                    Case No. 11-C-1155

MINDY SCHLIEN and MSG MINNESOTA, INC.,

      Defendants.

**ORDER**

Plaintiff brought this action against the Defendants alleging that Defendant Schlien violated a non-compete agreement when she went to work for Defendant MSG. The matter is now before me on the Defendants' motion to quash certain subpoenas that were served by Plaintiff on third-party telephone companies. Defendants assert that the subpoenas into personal phone records are a fishing expedition and unduly burdensome.

Plaintiffs argue, however, that this Court lacks the authority to quash the subpoenas because the subpoenas were issued by district courts in New Jersey and Kansas. Plaintiffs are correct. Rule 45 provides that "on timely motion, the *issuing* court must quash or modify a subpoena...." Fed. R. Civ. P. 45(c). In other words, only the court that issued the subpoena has the power to quash it. As the Ninth Circuit has held (joining other circuits) "On the basis of the clear language of Rule 45, we must hold that the court that issued the subpoena, and not the court where the underlying action is pending, can entertain a motion to quash or modify a subpoena." *S.E.C. v. CMKM Diamonds, Inc.*, 656 F.3d 829, 832 (9th Cir. 2011).

Accordingly, the motion to quash must be denied because this Court lacks the authority to grant the relief being sought.

**SO ORDERED** this ___11th___ day of June, 2012.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge